STATE, *ex rel*. ONA MARY CLIFTON, *v*. CITY OF DAYTONA BEACH.

161 So. 387.

Division B.

Opinion Filed May 16, 1935.

*Ray Selden,* for Plaintiff in Error;
*Millard B. Conklin,* for Defendants in Error.

BUFORD, J.—This is the second appearance of this case in this Court. See State, *ex rel.* Ona Mary Clifton, etc., v. City of Daytona Beach, *et al.,* 114 Fla. 384, 154 Sou. 165. At that time the writ of error was dismissed because it was not taken nor applied to a final judgment. Pursuant to the suggestion contained in the last paragraph of the opinion, on the mandate going down, the relator amended the alternative writ. On alternative writ being issued, a return was filed, also demurrer and motion to quash. The demurrer and motion to quash admitted the allegations well pleaded in the alternative writ. Order was entered granting motion to quash and quashing the alternative writ of mandamus. Then the former writ of error was sued out with the result above stated.

Upon the mandate going down, the writ was amended to substitute the then City Officials in lieu of the former City Officials and the court entered a final judgment dismissing the cause. To this final judgment writ of error was taken.

The pertinent facts shown by the alternative writ are that one Rob Casper was arrested charged with the violation of a city ordinance; that he posted a $10,000.00 cash bond; that the bond was estreated and forfeited by order of the municipal court; that writ of error was taken to the Circuit Court and the judgment of the municipal court was reversed. The judgment of the Circuit Court was in part as follows:

"ORDERED, ADJUDGED AND DECREED that the verdict and judgment of the Municipal Court, in and for the City of Daytona Beach, a Municipal Corporation in Volusia County, Florida, in said cause and proceeding estreating and forfeiting the cash bond of Ten Thousand Dollars ($10,000.00) posted in said cause be and the same is hereby reversed, and the said City of Daytona Beach, a municipal corporation in Volusia County, Florida, directed to return said cash bond of Ten Thousand Dollars ($10,000.00) and

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the said Rob Casper be, and he is hereby discharged, freed and exonerated from and of the charge and offense made, stated and charged against him, the said Rob Casper, in said proceeding, cause and matter, and that he go hence freed, discharged and exonerated from and of said charge and the operation thereof without day; and * * *.'

Rob Casper assigned his claim to the return of the $10,000 to C. L. Clifton, who in turn assigned the claim to Ona Mary Clifton. The assignments carried all the right, title and interest of Rob Casper in and to the fund.

We think the allegations of the alternative writ are sufficient to show that the City of Daytona Beach received from Bob Casper the sum of $10,000 which was posted as an appearance bond and that the municipal court of the City of Daytona Beach without authority of law as held

by the Circuit Court, estreated the bond and attempted to forfeit the fund of $10,000 to the City of Daytona Beach. The judgment of the Circuit Court reversed the judgment of estreature and forfeiture entered by the municipal court and adjudged the said fund should be returned to Rob Casper. Under these conditions, it is too clear to admit of any doubt the City of Daytona Beach through its officials never acquired any title to the fund and had no right to withhold the fund from Rob Casper. It held the fund in trust and while so holding it in trust demand was made, as was alleged in the alternative writ, for return of the money to the remote assignee of Rob Casper. The City refused to refund the money to which it had no legal right. Thereupon, while we think it is immaterial in this case, an execution was issued and returned *nulla bona*. Thereupon this proceeding was instituted to compel the City Officials to return the $10,000 with legal interest thereon from the date of the reversal of the municipal court judgment by the Circuit Court on which date Casper became entitled to receive the money so held in trust by the City of Daytona Beach.

The alternative writ was quashed apparently upon the theory that no money judgment had been entered which would constitute a basis for a tax levy. We think the judgment entered by the Circuit Court was a sufficient adjudication of the right of Casper to receive from the City of Daytona Beach and its officials the sum of $10,000 which it then held of his money and which was then his property. It was the plain, clear and unequivocal legal duty of the officials of the City of Daytona Beach to return the money to its owner and, this being true, the well settled rule applies that mandamus will lie to coerce the performance of a duty required to be performed by a public official, or public officials.

The answer and return of respondents alleged in part as follows:

"SEVENTH: These respondents further answering said alternative writ of mandamus say and allege that the said $10,000.00 cash bail bond received from Rob Casper prior to June 5th, 1929, was placed in the General Fund of the City of Daytona·Beach, Florida, and that said General Fund has been expended and that neither said $10,000.00 bail bond, or any part thereof, is now in the General Fund, or any other fund of the City of Daytona Beach, Florida, and is not now in the hands or possession of any of the respondents herein; that all moneys on hand or in the possession or control of these respondents has been appropriated, and that no money in the hands of these respondents is unappropriated, and that these respondents will not have in their hands, possession or control any unappropriated moneys during the fiscal year 1931, and that all moneys which will come into their hands for the balance of the fiscal year 1931 have been previously appropriated; that in the event an order of the Court should be made in this case requesting these respondents either jointly or severally to return said $10,000.00, with interest thereon, or any part thereof, to the said Ona Mary Clifton, or to any other person, that these respondents, jointly and severally, would be unable to comply with such Order of the Court and allege that an Order of the Court requiring the return of any sum of money to the relator could be complied with only by the levy of a specific *ad valorem* tax upon all the property in the City of Daytona Beach, Florida, and that the levy of all taxes for the year 1931 has been made."

It appears that the Circuit Judge entered his order of dismissal upon the theory that the allegations above quoted were sufficient to show that a tax levy would be necessary

to be made by the City to acquire a fund with which to re-pay the $10,000 wrongfully taken and appropriated by the City. The allegations above quoted were sufficient to show that the City had appropriated and used the money. This admission having been made, the Circuit Judge should have, instead of dismissing the cause, allowed the relator to amend his alternative writ so as to require the levy and collection of a tax to create the fund to replace that which the City has admitted in its return that it has converted to the General Fund of the City and from thence to its own use.

It seems to us that the questions of law involved are so elementary as to require no citation of authorities to sustain an order of reversal of the judgment entered. The judgment is reversed with directions that the cause be returned to the rolls and relator be allowed to further amend the alternative writ as the exigencies now existing may require.

It is so ordered.

ELLIS, P. J., and TERRELL, J., concur.

DAVIS, J., concurs in the opinion and judgment.